IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CASEY RAFEAL TYLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17CV1104 |
| | ) | |
| KATY POOLE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff Casey Rafael Tyler's motion for an injunction and restraining order. (Pl.'s Mot., Docket Entry 14.) For the reasons stated herein, the undersigned recommends that this motion be denied.

## BACKGROUND

Plaintiff, a *pro se* prisoner housed at the Scotland Correctional Institution, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging as follows: beginning in 2015, Defendant instituted a policy of assigning seats during meals for prisoners. (*See* Compl. ¶ IV(C)-(D), Docket Entry 2 at 5.) Plaintiff claims that as a result,

> When I eat in the dining hall, I am under threat of violence from prison staff, [and] forfeiture of my right [and] opportunity to eat, if I don't take my meal to the exact seat they tell me to occupy. They force me to sit at 4-seat tables with gang members, people who eat like slobs, sick people visibly [and] audibly [sneezing and] coughing at the table, troublemakers, [and] people eating swine [and] otherwise ridiculing the Signs of Allah, Who, in the Qur'an, forbids me (as a Believer therein) from sitting with such people.

1

> This is Katy Poole's operation, enforced by ALL her underlings who work in the dining hall.

(*Id.* ¶ IV(D).) As to his injuries, Plaintiff alleges he has suffered

> Emotional distress. I have not been injured bodily in this case except that I've gotten sick twice in a five week period ([sore] throat, leaky nose), but assaults have occurred in the dining hall in recent months [and] prison guards love to seat me where a line of inmates will be standing [and] moving right behind me—so, I am sometimes in danger of a blind-side attack, were another inmate so inclined. And the only reason I have not been assaulted by the guards on this matter is because I miss meals when I feel that I cannot tolerate their bullshit, or I otherwise go out of my way to avoid that fight. But certainly [I believe] my rights are under perpetual assault her. Nor do I fear them, or to meet their threatened violence with my own if they persist.

(*Id.* ¶ V.)

Plaintiff seeks a restraining order that will transfer him to Central prison, permit him to sit where he chooses at mealtimes or take his meal to his cell, and declaratory relief.[1] (*Id.* ¶ VI.) He also seeks $200,000 in punitive damages or any other damages to which he is entitled. (*Id.*)

---

[1] In his prayer for relief, Plaintiff adds,

> Otherwise, the court can arraign me on felony charges where I stabbed the shit out of the next asshole who dares to get in my face, trying to play musical fucking chairs with me, when I'm already seated [and] all I want to do is eat my fucking food [and] leave--[and] not be looking over my shoulder at the gang standing right behind me, within arm's reach; or hover over my own plate to prevent stuff from landing in it out of somebody else's mouth 'cause they don't know how to eat except like a freakin' barbarian! Or whatever the case may be, stressing me the fuck out unnecessarily. . . . And make no mistake: I seek an IMMEDIATE restraining order, 'cause I'm not going to keep missing meals just to avoid Katy Poole's Thugs who can't wait to beat me up over a fucking seat, [and] (as the Court can probably tell) I have been as PATIENT as I'm gonna be. Come 2018, I'm standing my ground against these clowns if they threaten me in that dining hall.

(Compl. ¶ VI.)

In the instant motion, Plaintiff alleges that he filed for protective custody ("PC") and "took [himself] to seg," to seek relief from Defendant's meal-seating policy. (Pl.'s Mot. at 1-2, Docket Entry 14.) A prison official named Sergeant Miles told Plaintiff to return to the general population or face disciplinary action. (Id. at 2.) Thereafter, Plaintiff received a notice of an impending disciplinary action. (Id.) Plaintiff alleges that Defendant is retaliating against him by refusing to allow Plaintiff to eat in "seg" unless he is "there under a punitive status." (Id.) He therefore seeks a preliminary injunction and asks the Court to "restrain [Defendant] from prosecuting [him] for his decision to seek PC" to avoid the seating policy; or, if he is prosecuted and convicted for seeking PC, to address and reverse or stay the verdict and penalties associated with any conviction arising from that refusal. (Id. at 3.)

## DISCUSSION

A party seeking a preliminary injunction or temporary restraining order[2] must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *see also The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[3] A party must make a clear showing that he is likely to

---

[2] The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same. *See e.g., United States Dept. of Labor v. Wolf Run Mining Co.*, 452 F.3d 275, 281 n.1 (4th Cir. 2006).

[3] The original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310 (2010). However, the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345-47, stating the

3

succeed on the merits of his claim. *Winter*, 555 U.S. at 20; *Real Truth*, 575 F.3d at 345-46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 20-22; *Real Truth*, 575 F.3d at 347. Only then does the court consider whether the balance of equities tips in the favor of the party seeking the injunction. *See Real Truth*, 575 F.3d at 346-47. Finally, the court must pay particular regard to the impact of the extraordinary relief of an injunction upon the public interest. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 23-24). Injunctive relief, such as the issuance of a preliminary injunction, is an extraordinary remedy that may be awarded only upon a clear showing that the plaintiff is entitled to such relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *see also MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (citation and quotation omitted) (a preliminary injunction is an "extraordinary remed[y] involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances").

Here, Plaintiff has failed to make the requisite showing for preliminary injunctive relief. At this point in the proceedings Plaintiff has not made a "clear showing" that he is likely to succeed on the merits. *Winter*, 444 U.S. at 22. The Supreme Court has repeatedly stressed the need to provide wide-ranging deference to prison administrators in matters of prison management. *See Beard v. Banks*, 548 U.S. 521, 528 (2006); *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) ("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them.").

---

facts and articulating the standard for issuance of a preliminary injunction, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010).

Here, Plaintiff has merely stated that Defendant has created and enforced a policy that assigns seating at meal times and has declined to make an exception to this policy to accommodate Plaintiff's preference. Thus, Plaintiff has not made a clear showing of likelihood of success on the merits.

Additionally, Plaintiff has failed to show that he will suffer irreparable harm if an injunction is not issued. Plaintiff has alleged no bodily harm except for an illness which he has not shown to be clearly attributable to Defendant's policy. Neither has he pleaded facts to support his claim of emotional distress. Rather, Plaintiff relies primarily on possible future harm in the form of assault by other prisoners or guards, or disciplinary action by Defendant. But speculative injury cannot constitute irreparable harm. *See Dunn v. Fed. Bureau of Prisons*, No. 5:12CV55, 2013 WL 365257, at *2 (N.D.W. Va. Jan. 30, 2013) (citing *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988)). Plaintiff has therefore failed to adequately show any likelihood of irreparable harm.

Even if Plaintiff had shown both a likelihood of success on the merits and that he would suffer irreparable harm absent a preliminary injunction, Plaintiff has not shown that the balance of equities tips in his favor or that an injunction is in the public interest. As previously noted, Courts should generally defer prison administrators in matters of prison management and discipline. *See Beard*, 548 U.S. at 528; *Overton*, 539 U.S. at 131-32; *Dunn*, 2013 WL 365257, at *3 (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)) ("[I]t is not the position of this Court to interfere in the administration of prisons and the discipline of inmates."). Thus, the balance of equities in this situation does not favor Plaintiff, and the Court cannot conclude that the public interest would be served by court involvement in mealtime seating preferences in

5

prisons or the disciplinary action a prisoner faces when he refuses to adhere to such policies. *Keith v. Merch.*, No. 1:13-CV-2721-RMG-SVH, 2014 WL 3799063, at *4 (D.S.C. July 29, 2014) (citing *Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir.1980) ("The possible injury to the [prison administrators] if the preliminary injunction stands is potentially grave.")). Accordingly, the undersigned recommends that Plaintiff's motion for a preliminary injunction be denied.

## CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for an Injunction and Restraining Order (Docket Entry 14) be **DENIED**.

Joe L. Webster
United States Magistrate Judge

September 6, 2018
Durham, North Carolina